```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
Jason Cummings,

                    Petitioner,           13cv8552 (JGK)
                                          08cr1343 (JGK)
          - v.-
                                          MEMORANDUM OPINION AND
United States of America,                 ORDER

                    Respondent.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The petitioner, Jason Cummings, appearing pro se, moves for a writ of audita querela, seeking to challenge his conviction and sentence.  The petitioner was convicted pursuant to his plea of guilty to one count of conspiracy in violation of 21 U.S.C. § 846, to distribute and possess with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  He was sentenced principally to 60 months imprisonment, with 30 months of the sentence to run concurrently with the sentence he was serving for another offense for which he was convicted in the Eastern District of Virginia.  For the reasons stated below, the motion is **denied**.

I.

In 2008, in the Eastern District of Virginia, the petitioner pleaded guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C), for which he was sentenced to 225 months imprisonment.

On December 15, 2009, the petitioner pleaded guilty in this District pursuant to a Plea Agreement to one count of conspiracy in violation of 21 U.S.C. § 846 to distribute and possess with intent to distribute 5 grams or more of crack cocaine from in or about November 2005 through in or about May 2006, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Under the terms of a subsequent Sentencing Agreement, (Gov't Ex. C), which superseded the Plea Agreement, the petitioner agreed to a revised Stipulated Guidelines Range of 60 to 71 months of imprisonment.  The 60-month floor of the Stipulated Guideline Range was required because of the 60-month mandatory minimum sentence for a conspiracy to violate 21 U.S.C. § 841(b)(1)(B).

In signing the Sentencing Agreement, the petitioner acknowledged that he pleaded guilty because he was "in fact guilty," and agreed that he would neither file a direct appeal of nor litigate under 28 U.S.C. § 2255 or § 2241 any sentence that fell within or below the Stipulated Guidelines Range. (Gov't Ex. C at 6.)

On December 23, 2010, this Court sentenced the petitioner principally to 60 months imprisonment for the conviction in this District, with 30 months of the sentence to run concurrently with the sentence that the petitioner was serving for the

2

conviction in the Eastern District of Virginia.  The petitioner did not appeal the judgment of conviction or the sentence.

On November 5, 2013, the petitioner filed this motion for a writ of audita querela under 28 U.S.C. § 1651 seeking relief from his conviction for the conspiracy charge in this District. The petitioner argues 1) that he was actually innocent, 2) that the conviction and sentence in this District violated his right against double jeopardy,[1] and 3) that he received ineffective assistance of counsel.  On December 5, 2013, in response to an Order of the Court, the petitioner confirmed that his motion is one for a writ of audita querela, not a motion under 28 U.S.C. § 2255.

## II.

The writ of audita querela is an "ancient" common law writ, Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997), "of a most remedial nature, and invented lest in any case there should be an oppressive defect of justice, where a party who has a good defence is too late in making it in the ordinary forms of law," Humphreys v. Leggett, 50 U.S. 297, 313 (1850).

---

[1] The petitioner also purports to base his petition on "newly discovered evidence," but does not actually put forth any evidence.  Instead, his claim of "newly discovered evidence" appears to mean that an objection against double jeopardy is a newly discovered legal argument that should have been raised. (See Pet'r's Reply at 3.)

Although the writ of audita querela "has been abolished with respect to civil cases," it "remains available in limited circumstances with respect to criminal convictions. Specifically, it 'is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.'" United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (citations omitted).  The availability of the writ is "very limited," United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995), and "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief," United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). Indeed, "few courts ever have agreed as to what circumstances would justify relief under [audita querela]," Klapprott v. United States, 335 U.S. 601, 614 (1949), and a writ of audita querela might be available only if its existence "were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244."  Triestman, 124 F.3d at 380 n.24; see also Blumenberg v. United States, No. 05cv9416, 2009 WL 3459185, at *2 (S.D.N.Y. Oct. 27, 2009), appeal dismissed, No. 10-4777pr, (2d Cir. Apr. 11, 2011).

   The writ of audita querela is not available if the petitioner "could have sought earlier relief through another

4

mechanism such as a direct appeal or Section 2255." Eisa v. Immigration & Customs Enforcement, No. 08cv6204, 2008 WL 4223618, at *5 (S.D.N.Y. Sept. 11, 2008) (citations and internal quotation marks omitted) (collecting cases). Moreover, if the defendant waived the right to post-conviction relief such as a direct appeal or a § 2255 motion, the defendant cannot later petition for a writ of audita querela on the basis that these post-conviction remedies are not available because of the waiver. Ramirez v. United States, No. 98cr927, 2012 WL 753763, at *3 (S.D.N.Y. Mar. 7, 2012), aff'd, 514 F. App'x 42 (2d Cir. 2013); accord Dong Qi Ming v. United States, No. 09 Civ. 745, 2013 WL 2397674, at *5 (S.D.N.Y. May 31, 2013) ("[O]nce a petitioner waives his right to challenge his sentence under Section 2255, he may not then seek to circumvent that waiver by claiming that a statutory remedy is 'unavailable' to him."); Rivera v. United States, Nos. 98cv5377, 98cv6397, 1999 WL 587792, at *4 (S.D.N.Y. Aug. 5, 1999).

In this case, the petitioner's claims for relief raise objections based on 1) actual innocence, 2) the Fifth Amendment right against double jeopardy, and 3) the alleged ineffective assistance of counsel. These arguments are regularly raised either on a direct appeal or on a § 2255 motion. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1932 (2013) ("[I]n the context of § 2255, . . . actual innocence may overcome a prisoner's failure

5

to raise a constitutional objection on direct review."); Massaro v. United States, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); United States v. Haynes, 729 F.3d 178, 196 (2d Cir. 2013) (Section 2255 motion preferred for ineffective assistance claim); De Jesus v. United States, 161 F.3d 99, 103-04 (2d Cir. 1998) (reviewing an "actual innocence" claim under 28 U.S.C. § 2255); United States v. DeFillipo, 590 F.2d 1228, 1233 n.4 (2d Cir. 1979) (suggesting that an objection against double jeopardy may be raised on a § 2255 motion).[2]  Therefore, the petitioner cannot argue that he had no opportunities to raise his claims by other means of post-conviction review.  The petitioner also does not argue that his waiver of the right to file a direct appeal or to bring a § 2255 motion was not knowing or not voluntary.

Accordingly, because the petitioner has knowingly and voluntarily waived his right to bring a direct appeal or a § 2255 motion, the fact that the petitioner cannot bring an appeal or a § 2255 motion now does not make the writ of audita querela available.  See, e.g., Ramirez, 2012 WL 753763, at *3;

---

[2] But see Paul v. Henderson, 698 F.2d 589, 592 (2d Cir. 1983) (citing United States v. Herzog, 644 F.2d 713, 716 (8th Cir. 1981), which observed that "[q]uestions of double jeopardy usually cannot, after conviction, be raised under section 2255," because they could have been raised at trial and on a direct appeal).

Dong Qi Ming, 2013 WL 2397674, at *5. Therefore, the writ is not available under the circumstances of this case, and the petitioner's motion for a writ of audita querela must be denied.

**III.**

In any event, the petitioner's motion, even if considered by the Court, has no merit.

The petitioner primarily argues that the conviction and sentence in this District for the conspiracy charge is directed at the same course of conduct as the crime with which he was charged in the Eastern District of Virginia and that the conviction and sentence in this District violated his Fifth Amendment right against double jeopardy by punishing him twice for the same offense.

However, the petitioner is precluded from raising this claim by signing his plea agreement and entering a guilty plea. A guilty plea is "an admission [by the defendant] that he committed the crime charged against him," rather than merely "a confession which admits that the accused did various acts." United States v. Broce, 488 U.S. 563, 571 (1989) (citations and internal quotation marks omitted). Thus, "[b]ecause a guilty plea has this legal effect, a defendant who pleads guilty to two counts with facial allegations of distinct offenses concedes that he had committed two separate crimes." United States v.

7

Leyland, 277 F.3d 628, 632 (2d Cir. 2002) (quoting Broce, 488 U.S. at 570) (internal quotation marks omitted).  Therefore, a defendant who signs a plea agreement and pleads guilty before raising his double jeopardy claims "waives the right to press those claims," and  "[c]ourts will conclude that a defendant's guilty plea waived his double jeopardy claims even if the defendant does not know about the claim at the time of the plea."  Id. at 632 (citing Broce, 488 U.S. at 572-73).

In this case, the petitioner signed his plea agreement and pleaded guilty in this District after his guilty plea in the Eastern District of Virginia for a separate, substantive offense, without raising the double jeopardy objection. Accordingly, the petitioner is precluded from raising the double jeopardy objection for the first time on his request for post-conviction relief.  See Rodriguez v. United States, No. 03cv4204, 2004 WL 3035447, at *4 (S.D.N.Y. Dec. 29, 2004) (double-jeopardy argument barred by guilty plea).

The petitioner's double-jeopardy objection is also substantively meritless.  The petitioner was charged with possession with intent to distribute heroin in the Eastern District of Virginia.  He was charged with conspiracy to distribute and possess with intent to distribute crack cocaine in this District.  It is black letter law that conspiracy is a separate crime from the substantive offense that is the object

8

of the conspiracy.  "A conspiracy count may be charged along with substantive offenses in the same indictment, or it may be charged separately, and the defendant tried separately," without violating the defendant's right against double jeopardy.  United States v. Hinton, 543 F.2d 1002, 1014 (2d Cir. 1976) (internal citations omitted) (discussing double jeopardy in the context of narcotics laws).  Thus, whether or not the conspiracy charged in this District was part of the same course of criminal conduct as the substantive offense charged in the Eastern District of Virginia, the petitioner's right against double jeopardy was not violated.

The petitioner also claims actual innocence.  "To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623 (1998) (citations and internal quotation marks omitted); see also Fountain v. United States, 357 F.3d 250, 255 (2d Cir. 2004).  This is a "demanding" standard "and permits review only in the extraordinary case."  House v. Bell, 547 U.S. 518, 538 (2006) (citation and internal quotation marks omitted); see also Garafola v. United States, 909 F. Supp. 2d 313, 326 (S.D.N.Y. 2012).

In this case, the petitioner's claim of actual innocence appears to be the same argument based on his right against

double jeopardy, namely, that he could not be found guilty of the conspiracy charge because such a conviction would violate his rights against double jeopardy. The petitioner does not appear to dispute the underlying factual predicates for the two convictions. Thus, the petitioner has not raised a proper argument for actual innocence but has instead raised a legal objection. As the Supreme Court has stressed, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. This Court has rejected the petitioner's argument based on double jeopardy because the argument is both precluded by his guilty plea and substantively meritless. In addition, the petitioner has not made any specific argument with respect to his claim of actual innocence and certainly cannot meet the high standard required for showing actual innocence in light of his knowing and voluntary admission in his guilty plea. See Colon v. United States, No. 07cv2172, 2010 WL 1644260, at *7 (S.D.N.Y. Apr. 21, 2010) ("[The petitioner's] claim of actual innocence lacks any factual support. [The petitioner] admitted his guilt in his plea agreement and under oath during his plea colloquy.")

Finally, the petitioner raises a claim of ineffective assistance of counsel. Claims alleging ineffective assistance of counsel are evaluated under the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on

10

such claims, the petitioner must show both (1) that his counsel's performance was so deficient that it was objectively unreasonable under professional standards prevailing at the time; and (2) that counsel's deficient performance was prejudicial to the petitioner's case.  Strickland, 466 U.S. at 687; see also Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005).  Self-serving conclusory allegations made by the petitioner to this effect are insufficient to establish ineffective assistance of counsel.  See United States v. Torres, 129 F.3d 710, 715-17 (2d Cir. 1997).

In this case, the petitioner claims that his counsel failed to "investigate both Virginia and New [York] drug case," which, according to the petitioner, would have shown that they were "the same course of conduct and on-going [sic] and continuous." (Pet. at 8.)  Thus, the petitioner argues that the assistance of counsel was ineffective because counsel should have raised the double-jeopardy objection.  (Pet. at 8-9.)  However, the petitioner's double-jeopardy argument is meritless because he was charged with two different crimes.  Failure to raise a meritless argument cannot be conduct that constitutes ineffective assistance, much less conduct that meets the demanding standards under Strickland.  See Moreno-Godoy v. United States, Nos. 13cv2383, 07cr354, 2014 WL 1088300, at *11 (S.D.N.Y. Mar. 20, 2014); see also Hammerstone v. United States,

11

Nos. 96cv6956, 90cr147, 1997 WL 217592, at *2 (S.D.N.Y. May 1, 1997).

Similarly, any complaints about counsel's effectiveness at sentencing are without merit.  The petitioner was sentenced to the mandatory minimum sentence for the crime to which he pleaded guilty and half of that sentence was ordered to run concurrently with the undischarged term of the petitioner's sentence for his Virginia conviction.  The petitioner fails to explain how he was prejudiced by his counsel's representation.

Nos. 96cv6956, 90cr147, 1997 WL 217592, at *2 (S.D.N.Y. May 1, 1997).

Similarly, any complaints about counsel's effectiveness at sentencing are without merit.  The petitioner was sentenced to the mandatory minimum sentence for the crime to which he pleaded guilty and half of that sentence was ordered to run concurrently with the undischarged term of the petitioner's sentence for his Virginia conviction.  The petitioner fails to explain how he was prejudiced by his counsel's representation.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  The petitioner's motion for a writ of audita querela must be denied because the writ is unavailable in this case, where there were adequate means of post-conviction relief but the petitioner knowingly and voluntarily waived his rights to such means.  Moreover, the arguments raised by the petitioner have no merit.  For the foregoing reasons, the petition a writ of audita querela is **denied. The Clerk is directed to enter judgment dismissing the petition and to close the case No. 13cv8552.**

**SO ORDERED.**

**Dated:     New York, New York
            July 11, 2014              _____/s/_____
                                              John G. Koeltl
                                       United States District Judge**